UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNARD JEDKINS,

        Plaintiff,

v.

        Case No. 22-cv-1080-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is not employed and he is not married. Dkt. No. 2 at 1. According to the plaintiff, he is responsible for supporting his son, but he does not indicate the amount of support he provides per month. Id. The plaintiff has no monthly wages or salary; his only income is $841 per month in Supplemental Security Income.

1

Id. at 2. The plaintiff does not list any monthly expenses; he indicates that he does not own a car or a home and he has no other property of value; he does not have any cash on hand or in a checking or savings account. Id. at 2-4. The plaintiff states, "I am currently homeless. I have been sleeping at the homes of various friends and family members but I do not have a permanent residence. In September 2022, I began receiving SSI. I do not have a cell phone with service. I use foodstamps to purchase all my food." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied Supplemental Security Income benefits due to lack of disability, that he is disabled, and that the Administrative Law Judge erred by not analyzing the plaintiff's conditions under the applicable Social Security Administration listings and by failing to obtain a complete medical report with appropriate testing to analyze the

plaintiff's conditions. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 20th day of September, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**